UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2: 22-cv-1849 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| HER, et al., | |
| Defendants. | |

Plaintiff is a civil detainee, proceeding without counsel, with a civil rights action. For the reasons stated herein, plaintiff is ordered to file further briefing in support of his in forma pauperis application.

On December 8, 2022, the undersigned recommended that plaintiff's application to proceed in forma pauperis be denied. (ECF No. 10.) In evaluating plaintiff's in forma pauperis application, the undersigned looked to whether plaintiff's application showed that he was "unable to pay [the filing fee] or give security therefor." (Id., citing 28 U.S.C. § 1915(a)(1)). The undersigned observed that plaintiff's trust account statement indicated that as of September 20, 2022, plaintiff had $5,221.90 in his prison trust account. (Id.) The undersigned found that plaintiff's trust account statement demonstrated that plaintiff was able to pay the filing fee of $402. (Id.)

////

1

On February 10, 2023, the Honorable Kimberly J. Mueller declined to adopt the December 8, 2022 findings and recommendations. (ECF No. 12.) Citing Bradford v. De Franco, 2022 WL 17485948 (E.D. Cal. Dec. 7, 2022), Judge Mueller stated that this court declined to deny requests to proceed in forma pauperis solely based on the balance of a detained person's trust account. (Id.) Judge Mueller referred this matter back to the undersigned for further review under the relevant legal standard. (Id.)

In Bradford, Judge Mueller quoted Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal citations omitted):

> An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty."

2022 WL 17485948, at *1-2 (quoting Escobedo v. Applebees, 787 F.3d at 1234).

In Bradford, Judge Mueller observed that the grant of in forma pauperis status covers more than the filing fee for a federal court action. Id. at *2. It also covers the costs of certain transcripts and records on appeal and service of process. Id.

Finally, in Bradford, Judge Mueller noted that the in forma pauperis statute does not provide a definition of "what constitutes insufficient assets" for purposes of a grant of in forma pauperis status. Id. "As a general proposition, 'an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life.'" Id. (quoting Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948)). "An individual need not be 'absolutely destitute' to qualify for in forma pauperis status." Id. (citing Adkins, 335 U.S. at 339).

In another action filed by plaintiff in this court, Judge Mueller granted plaintiff's motion for reconsideration of the court's order denying his in forma pauperis application.[1] Hill v. Allison, 2: 22-cv-0718 KJM EFB P. Judge Mueller's relevant orders in case 22-cv-0718 are

---

[1] The undersigned takes judicial notice of the orders in case 22-cv-0718. Fed. R. Evid. 201(b); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

instructive to the instant action. The undersigned discusses these orders herein.

In case 22-cv-0718, on June 10, 2022, Judge Mueller denied plaintiff's motion to proceed in forma pauperis. See 22-cv-0718, ECF No. 11. On July 21, 2022, plaintiff filed a motion for reconsideration of the June 10, 2022 order. See 22-cv-0718, ECF No. 15.

In case 22-cv-0718, on September 13, 2022, Judge Mueller issued an order observing that the relevant trust account statement showed on October 1, 2021, a balance of $5,154.7, and reflected three separate entries for income from "JPAY" in the amount of $100.00, $40.00, and $100.00, respectively; it also showed an "inmate special deposit" on April 20, 2022, in the amount of $1,200, and two entries on the same date for "misc. income (exempt) in the amount of $600.00 and $51.47, respectively. See 22-cv-0718, ECF No. 16 at 2.

In the September 13, 2022 order, Judge Mueller directed plaintiff to supplement his April 7, 2022 affidavit in support of his application to proceed in forma pauperis with a sworn statement explaining: 1) the source of the funds for the initial balance in his inmate trust account on October 1, 2021; 2) what "JPAY" is, whether he receives regular income from this source and, if so, the amount of that income; and 3) the source(s) of the three deposits to his inmate trust account on April 20, 2022 and whether he receives income regularly from these sources. See 22-cv-0718, ECF No. 16 at 2-3.

After receiving plaintiff's briefing in response to the September 13, 2022 order, on November 4, 2022, Judge Mueller granted plaintiff's motion for reconsideration of the court's order denying his application to proceed in forma pauperis. See 22-cv-718, ECF No. 18. Judge Mueller referred the matter back to the assigned magistrate judge, Magistrate Judge Brennan, for further review and consideration of whether, on the record as a whole, plaintiff's application to proceed in forma pauperis met the standard in 28 U.S.C. § 1915(a) as interpreted by Adkins, supra, and its progeny. See 22-cv-0718, ECF No. 18.

In case 22-cv-0718, on January 12, 2023, Magistrate Judge Brennan recommended that plaintiff's application to proceed in forma pauperis be denied. See 22-cv-0718, ECF No. 19. Magistrate Judge Brennan observed that plaintiff's further briefing failed to respond to Judge Mueller's order that he provide further information regarding the three specific matters identified

in the September 13, 2022 order. See 22-cv-0718, ECF No. 19 at 3.

Magistrate Judge Brennan found that plaintiff made incomplete and misleading representations to the court making it all but impossible for the court to make an assessment of his financial condition. See 22-cv-0718, ECF No. 19 at 5. Magistrate Judge Brennan found that plaintiff made conflicting statements regarding his financial situation under penalty of perjury. See 22-cv-0718, ECF No. 19 at 5. Magistrate Judge Brennan also found that plaintiff completely failed to explain how he could not afford hygiene items, legal paper, and the costs of the filing fee, service or process, and appellate costs with the thousands of dollars in his trust account. See 22-cv-0718, ECF No. 19 at 6. Magistrate Judge Brennan concluded that plaintiff "made apparent misrepresentations about his financial condition and has refused the court's invitation to provide an accurate picture of his finances." See 22-cv-0718, ECF No. 19 at 6.

Turning to the instant action, plaintiff's trust account statement, filed October 17, 2022, shows a deposit to plaintiff's trust account of $1,200 on April 20, 2022. (ECF No. 3 at 1.) The trust account statement also shows "misc. income" of $600 and $51.47 on April 20, 2022. (Id.) The trust account statement shows deposits through JPAY for $200 on June 14, 2022. (Id.) Plaintiff's trust account balance on April 1, 2022, was $3,818.37. (Id.) On September 20, 2022, plaintiff's trust account balance was $5,221.90. (Id.)

In his application to proceed in forma pauperis, signed October 2, 2022, plaintiff claimed that he received no money from business, profession, or other self-employment, rent payments, interest or dividends, pensions, annuities, or life insurance payments, disability or workers compensate payments, gifts or inheritances or any other source over the last twelve months. (ECF No. 2 at 1.) Plaintiff also stated that he had no cash. (Id. at 2.) Plaintiff stated that no persons were dependent on him for support. (Id.)

The deposits to plaintiff's trust account, set forth above, suggest that plaintiff's claim in his in forma pauperis application that he received no money over the last twelve months is not accurate. Accordingly, plaintiff is ordered to file further briefing addressing: 1) the source of the funds for the initial balance in his inmate trust account on April 1, 2022; 2) the source(s) of the three deposits to his inmate trust account on April 20, 2022, and whether he receives income

regularly from these sources; and 3) the source of the $200 deposit made via JPAY on June 14, 2022.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this order, plaintiff shall file the further briefing described above. Failure to respond to this order may result in a recommendation of dismissal of this action.

Dated: February 16, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hill1849.fb

5