1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CYMEYON HILL,                              No.  2: 22-cv-1849 KJM KJN P

12                  Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14    HER, et al.,

15                  Defendants.

16

17          Plaintiff is a civil detainee, proceeding without counsel, with a civil rights action.  For the

18    reasons stated herein, the undersigned recommends that this action be dismissed based on

19    plaintiff's failure to respond to the February 16, 2023 order directing plaintiff to file further

20    briefing in support of his application to proceed in forma pauperis.

21          On December 8, 2022, the undersigned recommended that plaintiff's application to

22    proceed in forma pauperis be denied.  (ECF No. 10.)  On February 10, 2023, the Honorable

23    Kimberly J. Mueller declined to adopt the December 8, 2022 findings and recommendations.

24    (ECF No. 12.)  Judge Mueller found that the undersigned applied an incorrect standard in

25    evaluating plaintiff's application to proceed in forma pauperis.  (Id.)

26          In accordance with Judge Mueller's February 10, 2023, order, on February 16, 2023, the

27    undersigned ordered plaintiff to file further briefing in support of his application to proceed in

28    forma pauperis.  (ECF No. 13.)  In particular, the undersigned ordered plaintiff to address: 1) the

                                                    1

1  source of the funds for the initial balance in his inmate trust account on April 1, 2022; 2) the

2  source(s) of the three deposits to his inmate trust account on April 20, 2022, and whether he

3  receives income regularly from these sources; and 3) the source of the $200 deposit made via

4  JPAY on June 14, 2022.  (Id. at 4-5.)  The undersigned ordered plaintiff to file this briefing within

5  fourteen days.  (Id. at 5.)

6      On March 20, 2023, the February 16, 2023 order was returned unserved.  On March 23,

7  2023, the Clerk of the Court reserved the February 16, 2023 order.  The reserved ordered was not

8  returned.[1]  Twenty-one days passed from March 23, 2023, and plaintiff did not file the further

9  briefing as ordered.

10     "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

11 action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

12 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

13 court order the district court must weigh five factors including:  '(1) the public's interest in

14 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

15 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

16 and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

17 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

18 F.3d 52, 53 (9th Cir. 1995).

19     In determining to recommend that this action be dismissed, the undersigned considers the

20 five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors support dismissal of this

21 action.  The court cannot evaluate plaintiff's application to proceed in forma pauperis without the

22 information discussed in the February 16, 2023 order.  This action cannot proceed until the court

23 is able to rule on plaintiff's application to proceed in forma pauperis.  Plaintiff's failure to

24 respond to the February 16, 2023 delays resolution of this action and interferes with the court's

25

26 [1] The Clerk of the Court did not include plaintiff's unit number at Patton State Hospital in
   plaintiff's address on the order served February 16, 2023, and returned unserved on March 20,
27 2023.  The address on which the Clerk of the Court reserved plaintiff with the February 16, 2023
   order on March 23, 2023, included plaintiff's unit number at Patton State Hospital.  This re-
28 served order has not been returned.

1   ability to manage its docket.

2        Because no defendants have yet been served, the undersigned cannot evaluate prejudice to

3   defendants.

4        The fifth factor also favors dismissal.  The undersigned granted plaintiff adequate

5   opportunity to respond to the February 16, 2023 order.  As stated above, this action cannot

6   proceed until the court is able to evaluate plaintiff's in forma pauperis application.  For these

7   reasons, the undersigned finds no suitable alternative to dismissal of this action.

8        The fourth factor, public policy favoring disposition of cases on their merits, weighs

9   against dismissal of this action as a sanction.  However, for the reasons set forth supra, the first,

10  second and fifth factors strongly support dismissal.  Under the circumstances of this case, those

11  factors outweigh the general public policy favoring disposition of cases on their merits.  See

12  Ferdik, 963 F.2d at 1263.

13       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

14       These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, plaintiff may file written objections

17  with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

19  failure to file objections within the specified time may waive the right to appeal the District

20  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  Dated:  April 28, 2023

22

23  _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

24

25

26

27  Hill1849.fr

28

3