UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2: 22-cv-1849 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HER, et al., | |
| Defendants. | |

    Plaintiff is a civil detainee, proceeding without counsel, with a civil rights action.  For the reasons stated herein, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied.

Background

    On December 8, 2022, the undersigned recommended that plaintiff's application to proceed in forma pauperis be denied.  (ECF No. 10.)  In evaluating plaintiff's in forma pauperis application, the undersigned looked to whether plaintiff's application showed that he was "unable to pay [the filing fee] or give security therefor."  (Id., citing 28 U.S.C. § 1915(a).)  The undersigned observed that plaintiff's trust account statement indicated that as of September 20, 2022, plaintiff had $5,221.90 in his prison trust account.  (Id.)  The undersigned found that plaintiff's trust account statement demonstrated that plaintiff was able to pay the filing fee of $402.  (Id.)

On February 10, 2023, the Honorable Kimberly J. Mueller declined to adopt the December 8, 2022 findings and recommendations. (ECF No. 12.) Citing Bradford v. DeFranco, 2022 WL 17485948 (E.D. Cal. Dec. 7, 2022), Judge Mueller stated that this court declined to deny requests to proceed in forma pauperis solely based on the balance of a detained person's trust account. (Id.) Judge Mueller referred this matter back to the undersigned for further review under the relevant legal standard. (Id.)

*Bradford v. DeFranco*

In Bradford, Judge Mueller quoted Escobedo v. Applebees, 787 F.3d 1226 (9th Cir. 2015) (internal citations omitted):

> An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. The IFP statute does not itself define what constitutes insufficient assets. As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty."

Bradford, 2022 WL 17485948, at *1-2 (quoting Escobedo v. Applebees, 787 F.3d at 1234).

In Bradford, Judge Mueller observed that the grant of in forma pauperis status covers more than the filing fee for a federal court action. Id. at *2. It also covers the costs of certain transcripts and records on appeal and service of process. Id.

Finally, in Bradford, Judge Mueller noted that the in forma pauperis statute does not provide a definition of "what constitutes insufficient assets" for purposes of a grant of in forma pauperis status. Id. "As a general proposition, 'an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life.'" Id. (quoting Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948)). "An individual need not be 'absolutely destitute' to qualify for in forma pauperis status." Id. (citing Adkins, 335 U.S. at 339).

////
////
////
////

2

*Hill v. Allison*

Also relevant to the instant action is Judge Mueller's consideration of plaintiff's application to proceed in forma pauperis in Hill v. Allison, 2: 22-cv-0718 KJM EFB P.[1]  In case 22-cv-0718, on June 10, 2022, Judge Mueller denied plaintiff's motion to proceed in forma pauperis.  See 22-cv-0718, ECF No. 11.  On July 21, 2022, plaintiff filed a motion for reconsideration of the June 10, 2022 order.  Case 22-cv-0718, ECF No. 15.

In case 22-cv-0718, on September 13, 2022, Judge Mueller issued an order observing that the relevant trust account statement showed on October 1, 2021, a balance of $5,154.7, and reflected three separate entries for income from "JPAY" in the amount of $100.00, $40.00, and $100.00, respectively; it also showed an "inmate special deposit" on April 20, 2022, in the amount of $1,200, and two entries on the same date for "misc. income (exempt) in the amount of $600.00 and $51.47, respectively."  Case 22-cv-0718, ECF No. 16 at 2.

In case 22-cv-0718, in the September 13, 2022 order, Judge Mueller directed plaintiff to supplement his April 7, 2022 affidavit in support of his application to proceed in forma pauperis with a sworn statement explaining:  1) the source of the funds for the initial balance in his inmate trust account on October 1, 2021; 2) what "JPAY" is, whether he receives regular income from this source and, if so, the amount of that income; and 3) the source(s) of the three deposits to his inmate trust account on April 20, 2022, and whether he receives income regularly from these sources.  Case 22-cv-0718, ECF No. 16 at 2-3.

In case 22-cv-0718, after receiving plaintiff's briefing in response to the September 13, 2022 order, on November 4, 2022 Judge Mueller granted plaintiff's motion for reconsideration of the court's order denying his application to proceed in forma pauperis.  Case 22-cv-0718, ECF No. 18.  Judge Mueller referred the matter back to the assigned magistrate judge, Magistrate Judge Brennan, for further review and consideration of whether, on the record as a whole, plaintiff's application to proceed in forma pauperis met the standard in 28 U.S.C. § 1915(a) as interpreted by Adkins, supra, and its progeny.  Case 22-cv-0718, ECF No. 18.

---

[1] The undersigned takes judicial notice of the orders in case 22-cv-0718.  Fed. R. Evid. 201(b); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

In case 22-cv-0718, on January 12, 2023, Magistrate Judge Brennan recommended that plaintiff's application to proceed in forma pauperis be denied. Case 22-cv-0718, ECF No. 19. Magistrate Judge Brennan observed that plaintiff's further briefing failed to respond to Judge Mueller's order that he provide further information regarding the three specific matters identified in the September 13, 2022 order. Case 22-cv-0718, ECF No. 19 at 3.

Magistrate Judge Brennan found that plaintiff made incomplete and misleading representations to the court, making it all but impossible for the court to make an assessment of his financial condition. Case 22-cv-0718, ECF No. 19 at 5. Magistrate Judge Brennan found that plaintiff made conflicting statements regarding his financial situation under penalty of perjury. Case 22-cv-0718, ECF No. 19 at 5. Magistrate Judge Brennan also found that plaintiff completely failed to explain how he could not afford hygiene items, legal paper, and the costs of the filing fee, service or process, and appellate costs with the thousands of dollars in his trust account. Case 22-cv-0718, ECF No. 19 at 6. Magistrate Judge Brennan concluded that plaintiff "made apparent misrepresentations about his financial condition and has refused the court's invitation to provide an accurate picture of his finances." Case 22-cv-0718, ECF No. 19 at 6.

In case 22-cv-0718, on March 22, 2023, Judge Mueller adopted the January 12, 2023 findings and recommendations recommending that plaintiff's application to proceed in forma pauperis be denied. Case 22-cv-0718, ECF No. 20. On April 20, 2023, Judge Mueller dismissed case 22-cv-0718 after plaintiff failed to pay the filing fee. Case 22-cv-0718, ECF No. 21.

*Further Briefing in the Instant action*

On February 16, 2023, the undersigned ordered plaintiff to file further briefing in support of his application to proceed in forma pauperis. (ECF No. 13.) In the February 16, 2023 order, the undersigned observed that plaintiff's trust account statement, filed October 17, 2022, showed a deposit to plaintiff's trust account of $1,200 on April 20, 2022. (Id. at 4.) The trust account statement also showed "misc. income" of $600 and $51.47 on April 20, 2022. (Id.) The trust account statement showed deposits through JPAY for $200 on June 14, 2022. (Id.) Plaintiff's trust account balance on April 1, 2022, was $3,818.37. (Id.) On September 20, 2022, plaintiff's trust account balance was $5,221.90. (Id.)

In the February 16, 2023 order, the undersigned observed that in his application to proceed in forma pauperis, signed October 2, 2022, plaintiff claimed that he received no money from business, profession, or other self-employment, rent payments, interest or dividends, pensions, annuities, or life insurance payments, disability or workers compensate payments, gifts or inheritances or any other source over the last twelve months. (Id.) Plaintiff also stated that he had no cash. (Id.) Plaintiff stated that no persons were dependent on him for support. (Id.)

In the February 16, 2023 order, the undersigned observed that the deposits to plaintiff's trust account, set forth above, suggested that plaintiff's claim in his in forma pauperis application that he received no money over the last twelve months was not accurate. (Id.) Accordingly, the undersigned ordered plaintiff to file further briefing, within thirty days, addressing: 1) the source of the funds for the initial balance in his inmate trust account on April 1, 2022; 2) the source(s) of the three deposits to his inmate trust account on April 20, 2022, and whether he receives income regularly from these sources; and 3) the source of the $200 deposit made via JPAY on June 14, 2022. (Id. at 4-5.)

On April 28, 2023, the undersigned recommended that this action be dismissed for failure to prosecute after plaintiff failed to file the further briefing discussed in the February 16, 2023 order. (ECF No. 15.) On May 11, 2023, plaintiff filed objections to the April 28, 2023 findings and recommendations. (ECF No. 16.) In his objections, plaintiff failed to address his failure to respond to the February 16, 2023 order. (Id.) Despite this failure, on May 19, 2023, the undersigned vacated the April 28, 2023 findings and recommendations and granted plaintiff twenty-one days to file the further briefing in support of his application to proceed in forma pauperis, as discussed in the February 16, 2023 order. (ECF No. 17.)

On June 5, 2023, plaintiff filed briefing addressing his in forma pauperis application. (ECF No. 18.) In this briefing, plaintiff did not address the source of various deposits to his trust account. Instead, plaintiff claimed that the Honorable Robert Illman ordered Deputy Attorney General John Falconer to "clear up" all of plaintiff's filing fees in the United States District Court for the Eastern District of California as part of a settlement reached in a case proceeding in the Northern District. (Id. at 4-5.) Plaintiff requested that the court investigate the matter. (Id.)

On June 19, 2023, the undersigned issued an order responding to plaintiff's June 5, 2023 briefing. (ECF No. 19.) In this order, the undersigned informed plaintiff that he had no authority to enforce a plea agreement allegedly reached between plaintiff and the Office of the Attorney General in the Northern District case. (Id.) The undersigned informed plaintiff that his remedy for an alleged breach of this plea agreement was to file a notice of breach of plea agreement in the Northern District case. (Id.) The undersigned granted plaintiff thirty days to file a notice of breach agreement in the Northern District case where the Office of the Attorney General allegedly agreed to pay the filing fee for the instant action. (Id.) The undersigned ordered plaintiff to file proof of service in the instant action of the notice of breach of plea agreement filed in the Northern District case within that time. (Id.) The undersigned warned plaintiff that if he failed to comply with this order, the undersigned would disregard plaintiff's claim that the Office of the Attorney General agreed to pay the filing fee for the instant action in the settlement agreement reached in the Northern District. (Id.)

On July 10, 2023, plaintiff filed a notice of breach of plea agreement in the instant action. (ECF No. 20.) In this pleading, plaintiff alleged that the Office of the Attorney General breached a plea agreement in plaintiff's Northern District case, case 21-cv-3189 YGR, when they failed to pay the filing fee for the instant action. (Id.)

On July 18, 2023, the undersigned issued an order observing that plaintiff's July 10, 2023 pleading did not comply with the June 29, 2023 order because it did not contain a proof of service demonstrating that plaintiff filed a notice of breach of plea agreement in his Northern District case. (ECF No. 21.) The undersigned also observed that a review of the docket for case 21-cv-3189 YGR, in the Northern District reflected that plaintiff did not file the notice of breach of plea agreement in that case.[2] (Id.) The undersigned granted plaintiff fourteen days to file proof of service showing that he filed the notice of breach of plea agreement in the Northern District case. (Id.)

////

---

[2] The undersigned takes judicial notice of the docket sheet in case 21-cv-3189 YGR. Fed. R. Evid. 201.

Fourteen days passed from the July 18, 2023 order and plaintiff failed to file proof of service showing that he filed the notice of breach of plea agreement in his Northern District case. After again reviewing the docket for case 21-cv-3189 YGR in the Northern District, the undersigned again finds that plaintiff failed to file a notice of breach agreement in that case. Based on plaintiff's failure to comply with the orders filed June 29, 2023, and July 18, 2023, directing him to file proof of service of the notice of breach of plea agreement in case 21-cv-3189 YGR, the undersigned disregards plaintiff's claim that the Office of the Attorney General agreed to pay the filing fee for the instant action.

Governing Law

Title 28 U.S.C. § 1915(a)(1) provides, in relevant part: "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit or action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor." When an in forma pauperis affidavit is written in the language of § 1915(a)(1), the court should ordinarily accept it, particularly if it is unquestioned "and where the judge does not perceive a flagrant misrepresentation." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948).

"The in forma pauperis statute does not itself define what constitutes insufficient assets," but the applicant does not need to be "absolutely destitute" to qualify for in forma pauperis status. Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015). In assessing the applicant's financial condition, the court should consider not just the applicant's income, but also the money that applicant pays for necessities such as rent, necessary bills, and food. Id. at 1235.

"When a claim of poverty is made under section 1915 it is proper and indeed essential for the supporting affidavits to state facts as to the affiant's poverty with some particularity and definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). It is within the court's discretion to deny a motion to proceed in forma pauperis "when the [movant was] unable, or unwilling, to verify their poverty." Id. See also Hopkins v. Tacoma Mun. Ct., 393 Fed. Appx. 476, 477 (9th Cir. 2010) (the district court did not abuse its discretion in denying

an in forma pauperis application where the movant failed to account for his different statements regarding his employment history or otherwise to verify his claim of poverty.).

Discussion

The question before the undersigned is whether the current record, as a whole, demonstrates that plaintiff's application to proceed in forma pauperis meets the § 1915(a) standard under Adkins, 335 U.S. at 339, and its progeny. This question includes consideration of whether plaintiff's funds are sufficient to pay not only the filing fee but also the costs of service of process and of transcripts and records on appeal.

The undersigned finds that plaintiff's misleading and incomplete representations to the court make an assessment of his financial condition all but impossible. Despite multiple opportunities to do so, plaintiff refused to provide a clear picture of his financial status.

The undersigned is also troubled by plaintiff's conflicting statements made under penalty of perjury. For example, in his application to proceed in forma pauperis signed October 2, 2022, plaintiff wrote that he had no cash or other assets. (ECF No. 2 at 2.) Plaintiff also stated that in the past 12 months, he received no money from any sources. (Id. at 1.) However, as discussed above, plaintiff's trust account statement showed a deposit to plaintiff's trust account of $1,200 on April 20, 2022. (ECF No. 3 at 1.) The trust account statement also showed "misc. income" of $600 and $51.47 on April 20, 2022. (Id.) The trust account statement showed deposits through JPAY for $200 on June 14, 2022. (Id.) Plaintiff's trust account balance on April 1, 2022, was $3,818.37. (Id.) On September 20, 2022, plaintiff's trust account balance was $5,221.90. (Id.)

Plaintiff failed to respond to the court's orders directing him to provide the sources of his payments and address whether he receives money from those sources regularly.

The undersigned cannot consider the costs of plaintiff's life necessities, as required by Escobedo, without an accurate picture of plaintiff's income. Nor can the undersigned determine whether plaintiff can pay for the costs of service of process or costs generated by any appeal that plaintiff may file in this case because of plaintiff's lack of compliance with the earlier orders.[3]

---

[3] It is also impossible, at this early stage in the case, to estimate the costs of transcripts and records on appeal. If this case is resolved at the motion to dismiss stage, for example, such costs

8

Plaintiff's filings, as well as his trust account statement, show that plaintiff is "unable, or unwilling, to verify [his] poverty." McQuade, 647 F.3d at 940. The undersigned cannot make the assessments necessary to determine the propriety of in forma pauperis status because plaintiff failed to provide the necessary information and is, apparently, unwilling to do so.

Based on plaintiff's apparent misrepresentations about his financial condition and his refusal to provide an accurate picture of his finances, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied. Hopkins, 393 Fed.Appx. at 477; Bridgewater v. Bankson, 2010 WL 291786, at *3 (N.D. Cal. January 19, 2010) (where plaintiff failed to give a consistent or adequate statement of her finances, the court could not assess her financial status and thus denied her application to proceed in forma pauperis).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's application to proceed in forma pauperis be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 10, 2023

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hill1849.den

---

would be much lower than if the case were to proceed through a trial. Should the court deny plaintiff's request for in forma pauperis status now, plaintiff may make a new motion to proceed in forma pauperis on appeal under Federal Rule of Appellate Procedure 24(a)(1). If the district court were to deny that motion, plaintiff could file another application to proceed in forma pauperis in the appellate court. Fed. R. App. P. 24(a)(5). Thus, plaintiff has additional opportunities to demonstrate that he cannot afford the costs of transcripts and records on appeal.

9